# CIRCUIT COURT OF THE CITY OF RICHMOND

Trilegiant Corp. et al.

v.

National Accident
Insurance Consultants, Inc.

February 12, 2004

Case No. LR-1736-4

BY JUDGE RANDALL G. JOHNSON

After reading the cases cited in the written submissions and at oral argument, the court concludes that American National Insurance Company's ("ANICO") motion for summary judgment must be denied.

The basis for ANICO's motion is that the insurance policy at issue contains a specific provision that ostensibly prohibits an agent from changing or waiving any policy provision. Specifically, the policy states:

> No agent may change this policy or waive any of its provisions.

It is ANICO's position that the above language prevents plaintiffs from claiming that the policy was changed by defendants National Accident Insurance Consultants, Inc., and National Accident Insurance Underwriters, Inc., ANICO's agents. The court disagrees.

The precise question at issue was answered in *Virginia Fire & M. Ins. Co. v. Richmond Mica Co.*, 102 Va. 429, 46 S.E. 463 (1904), which is cited by plaintiffs. Quoting *Wytheville Ins. & Banking Co. v. Teiger*, 90 Va. 277, 282, 18 S.E. 195 (1893), the Court said:

> When an insurance company clothes a person with apparent authority
> to deliver policies and receive premiums, as was done in this case, it
> is estopped, after a policy is delivered as a valid contract to an

innocent holder, to set up the defense that the agent acted without written authority from the company. Such a defence, if sustained, would operate as a gross fraud, and can receive no countenance in a court of justice. If in such case a waiver were not implied, the delivery of the policy would be not only an unmeaning, but a deceptive and fraudulent ceremony.

102 Va. at 436-37.

The fact that the policy contains an express provision limiting an agent's authority makes no difference:

The true interpretation of the qualification of the rule is that the assured must have actual notice of the limitations placed upon the agent's powers, either by having his attention called to the stipulation of the policy containing it, or otherwise, and not on the constructive notice afforded by the circumstance that the policy contains the limitation.

*Id.* at 438.

The Court also cites with approval the following observation from *May on Insurance* (Parsons' ed.), section 137, at page 244, in which the author refers to cases holding that an agent cannot bind an insurer by acts in excess of an express limitation of the agent's authority:

It seems very doubtful if the doctrine of these cases is entirely correct. The assured has a right to suppose that a general agent has all the powers incident to his business unless he has knowledge to the contrary, and usage may overcome the provisions of the policy. . . .

*Id.*

While *Richmond Mica* and *Wytheville* were decided quite some time ago, they have never been overruled. In fact, *Virginia Auto Mut. Ins. Co. v. Brillhart*, 187 Va. 336, 46 S.E.2d 377 (1948), makes it clear that the law has not changed:

It is well settled both in this jurisdiction and elsewhere that although a policy may stipulate that the provision, requiring an endorsement thereon to effect a change in its terms, may not be waived, such a provision may itself be waived by the insurer or his lawful agent ... unless there are limitations on the authority of the agent which are known to the assured. . . .

In other words, a nonwaiver clause may itself be waived.

187 Va. at 343-44 (footnotes and citations omitted). *See also Equitable Variable Life Ins. v. Wood*, 234 Va. 535, 538, 362 S.E.2d 741 (1987); *Ampy v. Insurance Co.*, 200 Va. 396, 402, 105 S.E.2d 839 (1958); *Casualty Corp. v. Baldwin*, 196 Va. 1020, 1025-26, 86 S.E.2d 836 (1955); *State Farm Mut. Ins. Co. v. Miller*, 194 Va. 589, 592-93, 74 S.E.2d 145 (1953).

ANICO's motion for summary judgment will be denied.